UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAMVEST888, LLC,

    Plaintiff,

v.                              Case No.:   2:24-cv-637-SPC-KCD

INDIAN HARBOR INSURANCE
COMPANY,

    Defendant.
                                       /

## **ORDER**

Before the Court is Defendant Indian Harbor Insurance Company's Notice of Removal (Doc. 1), along with Defendant's Notice of Good Cause (Doc. 16). This is a breach of contract action involving property damage that occurred because of Hurricane Ian. Defendant has removed based on diversity jurisdiction.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). And removal statutes are strictly construed with doubts resolved for remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

In its Order to Show Cause, the Court expressly told Defendant that its Notice of Removal "has not identified any members of Plaintiff LLC, much less informed the Court of the citizenship of these members." (Doc. 14 at 3). The Court specified that "a person's citizenship is determined by his 'domicile,' or 'the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom.'" (Doc. 14 at 3). The Court made clear that "[t]o establish subject-matter jurisdiction, Defendant needs to inform the Court of the *citizenship of all the members* of Plaintiff LLC." (Doc. 14 at 3) (emphasis added).

In response to the Order to Show Cause, Defendant provided Plaintiff's Electronic Articles of Organization for Florida Limited Liability Company. (Doc. 16-1). However, this document does not assuage the Court's jurisdictional concerns. First, it provides the name and address of the "*managing* members/managers," so it does not confirm that there is only one member. And second, an address says nothing of citizenship. *See Amerisure Mut. Ins. Co. v. Mammoth Constructors, LLC*, No. 2:23-cv-67-SPC-NPM, 2023 U.S. Dist. LEXIS 21526, 2023 WL 1824981, at *1 (M.D. Fla. Feb. 8, 2023) ("[A]ddresses only establish the members' residencies—not their citizenships nor domiciles").

The Court finds that Defendant has not carried its jurisdictional burden. The Court warned Defendant that failure to comply with its Order to Show

2

Cause would result in this case being remanded without further notice, and so the case is now remanded.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Collier County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Collier County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 2, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record